## RECTOR v. COMMERCIAL NATIONAL BANK.

ERROR TO THE SUPREME COURT OF THE STATE OF OHIO.

No. 138. Submitted December 12, 1905.—Decided February 19, 1906.

*Rector v. City Deposit Bank, ante*, p. 405, followed.

THE facts are stated in the opinion.

*Mr. D. F. Pugh* and *Mr. Fred C. Rector* for plaintiff in error.

*Mr. F. F. D. Albery* for defendant in error.

MR. JUSTICE WHITE delivered the opinion of the court.

This case is governed by the principles which controlled the decision just announced in the case of the same plaintiff in error against the City Deposit Bank Company, No. 137.

In the trial court judgment was prayed for $970.45, on the ground that on April 10, 1900, that amount of money, the property of Reinhard & Company, had been by that firm transferred to the defendant in error, and that the transaction constituted a voidable preference. The answer was in substance a general denial of the allegations of the petition in the particulars just stated.

The case was submitted to the court upon the pleadings and the following agreed statement of facts:

"For ten years or more prior to April 10, 1900, Reinhard & Company kept an open account with the Commercial National Bank, depositing their outside items on places where they had no correspondent, for the purpose of saving themselves the exchange or collection charges on some of these items. The balance with the Commercial National Bank on the morning of April 10, 1900, was ten hundred and sixty-seven and 76-100 dollars ($1,067.76). · On that morning John G. Reinhard came to the Commercial National Bank with Reinhard & Company's draft on New York for two thousand ($2,000.00) dollars, for which the Commercial National Bank gave him the currency. This money was used by Reinhard & Company to pay checks drawn on them, and was paid out over their counter on April 10 to their customers.

"At 12.15 o'clock, P. M., on said day, Reinhard & Company, a partnership, composed of John G. Reinhard and Henry A. Reinhard, said partnership and each of said partners being then insolvent, filed a deed of assignment in the probate court of Franklin County, Ohio, and at about the same hour and afternoon of said day their banking house was closed, at the same time each of said partners filed deeds of assignment.

"The following day a petition was filed in the District Court

of the United States for the Southern District of Ohio by certain creditors, alleging that said assignment was an act of bankruptcy; and thereafter such proceedings were had that said Reinhard & Company were on August 11, 1900, adjudged bankrupt, and the plaintiff became their trustee, pending which election of trustee one Walter Zinn was appointed and acted as receiver of Reinhard & Company, but the fact of such insolvency and the making of said assignment were not known to said The Commercial National Bank except by hearsay until after said amount of two thousand ($2,000.00) dollars was charged back on the account of Reinhard & Company, and until after it had received the check of the manager of the clearing house for said sum of nine hundred and seventy and 45-100 ($970.45) dollars.

"During said day of April 10, 1900, the Commercial National Bank learned by street rumor that Reinhard & Company's draft on New York would probably not be paid, and it charged the same back on the account of Reinhard & Company, which overdrew their account nine hundred and thirty-two and 24-100 ($932.24) dollars.

"On the tenth day of April, 1900, Reinhard & Company sent their representative to the clearing house as usual at 12.30 p. m. They received checks from the clearing house as usual, which their representative took back to their bank, and the checks which they brought to the clearing house were cleared on the respective banks as usual in all cases. Then about one o'clock p. m., after the manager of the clearing house had made his adjustment of balances for the day and had made out the checks to pay for the same, Reinhard's representative brought back the checks which the different banks of the clearing house had cleared on them that day.

"The manager took these checks back to the different banks that had cleared them and deducted the amounts of their clearings that day. This left a balance of $—— due to Reinhard & Company from the clearing house for that day. Out of this balance he gave a check for $—— to the City Deposit Bank,

and for the balance of $970.45 he gave a check to the Commercial National Bank.

"When Mr. Field, the manager of the clearing house, went to the Commercial National Bank to return the checks which they had cleared on Reinhard & Company that day he informed Mr. Hoffman, the cashier, that that bank had suspended, and that he had a balance on hand due Reinhard & Company of $——, $—— of which he was going to pay to the City Deposit Bank, leaving a balance of $970.45 due the said Reinhard & Company, which he did not know what to do with. Mr. Hoffman informed him that he had advanced Reinhard & Company $2,000.00 on that morning and suggested that he pay the balance to him. He agreed to this and gave him the check as suggested. Said amount was credited by the Commercial National Bank to Reinhard & Company, leaving a balance, as shown by the books of the Commercial National Bank, due from said bank to Reinhard & Company of thirty-eight and 21-100 ($38.21) dollars, which amount was paid over to Walter Zinn, as receiver of Reinhard & Company, upon his check as such receiver, drawn on the Commercial National Bank on the sixteenth day of May, 1900."

Judgment was entered against the trustee, and that judgment was affirmed by the appellate courts. The Supreme Court of Ohio entered upon its journal a certificate, made by its Chief Justice, which is precisely like that set out in the opinion delivered in the *City Deposit Bank case.*

A motion assailing the power of this court to entertain this writ of error is overruled, for the reasons given in passing upon a similar motion filed in case No. 137. And, applying the principles announced in the case just referred to, it inevitably follows that the payment made on April 10, 1900, by the clearing house association, out of the credits of Reinhard & Company in the hands of the clearing house association, was a transfer of property belonging to Reinhard & Company which the trustee in bankruptcy was entitled to demand and receive from the defendant in error. We need not dwell upon the conten-

tion made in argument that because the defendant in error on the morning of April 10, 1900, gave Reinhard & Company two thousand dollars in currency in return for Reinhard & Company's draft on New York for a like sum, the transaction, even if fraudulent, invested the defendant in error with the right, upon the suspension of Reinhard & Company, to appropriate any property belonging to Reinhard & Company which they might be able to possess themselves of and to apply the same in reduction of the advance made upon the security of the draft. The doctrine of rescission and following of trust funds can have no application, especially when, as expressly agreed in the statement of facts, the money which the defendant in error gave to Reinhard & Company in exchange for its draft "was used by Reinhard & Company to pay checks drawn on them, and was paid out over their counter on April 10, 1900, to their customers."

*The judgment of the Supreme Court of Ohio must be reversed and the case remanded to that court for further proceedings not inconsistent with this opinion.*